IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GENE W. SALVATI, OLIVIA JONES,
*individually and on behalf of other similarly
situated former and current homeowners in
Pennsylvania*,

                    Plaintiffs,

             v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, N.A., BANK OF AMERICA
HOME LOANS SERVICING *a subsidiary of
Bank of America, N.A.*, ONEWEST BANK,
F.S.B., and MCCABE, WEISBERG &
CONWAY, P.C.

                    Defendants.

12cv0971

**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

## I. INTRODUCTION

      This purported class action lawsuit stems from the initiation of allegedly illegal

foreclosure proceedings and the charging of prohibited fees by and/or on behalf of Defendants

Deutsche Bank National Trust Company, N.A. ("Deutsche Bank"), Bank of America Home

Loans Servicing ("BOA"), OneWest Bank, F.S.B. ("OneWest") and McCabe, Weisberg &

Conway, P.C. ("McCabe") (collectively, "Defendants"), after Plaintiff Gene W. Salvati

("Plaintiff" or "Salvati") defaulted on his home mortgage loan. Presently before the Court are

three motions to dismiss: the first one was filed on behalf of BOA (Doc. No. 10); the second was

filed on behalf of Deutsche Bank (Doc. No. 12); and the third one was filed on behalf of McCabe

(Doc. No. 14). Plaintiff filed Briefs in Opposition to each Motion to Dismiss (Doc. Nos. 31, 32,

and 33, respectively), and on February 1, 2013, United States Magistrate Judge Maureen P. Kelly

issued a Report and Recommendation (Doc. No. 46), recommending that this Court grant in part and deny in part each of the three Motions to Dismiss.

Each of the parties subsequently filed Objections to the Magistrate Judge's Report and Recommendation.  See Doc. No. 47 (Objections filed by Plaintiff); Doc. No. 48 (Objections filed by BOA); Doc. No. 49 (Objections filed by McCabe); and Doc. No. 50 (Objections filed by Deutsche Bank).  Responses in Opposition to the various Objections were also filed.  See Doc. No. 53 (McCabe's Response to Plaintiff's Objections); Doc. No. 54 (BOA's Response to Plaintiff's Objections); Doc. No. 55 (Plaintiff's Response to BOA's, McCabe's, and Deutsche Bank's Objections); and Doc. No. 56 (Deutsche Bank's Response to Plaintiff's Objections).

Without filing a Motion seeking leave to do so, Plaintiff filed: (1) a "Supplement to his Response in Opposition" wherein he noted that he had made two omissions in his Responses to Defendants BOA's, Deutsche Bank's and McCabe's Objections, and (2) a "Notice of Supplemental Authority."  Doc. nos. 57 and 58, respectively.  Similarly, BOA filed a "Response to [Salvati's] Notice" (doc. no. 59) without seeking leave of Court.[1]  These matters are now ripe for adjudication.

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

Because the Court writes primarily for the parties and because the Magistrate Judge's Report and Recommendation discusses the facts of this case as pled in the Complaint in sufficient detail, this Court will not repeat all of the facts here.  Particularly relevant to all the

---

[1] Although Doc. Nos. 57 and 58 were submitted without first seeking leave of Court, this Court notes that it did review the documentation submitted.  Additionally the Court notes that BOA, filed a Response to the "Notice of Supplemental Authority" (doc. no. 59) without first seeking leave of Court.  The Court finds that the content of neither one of Salvati's submissions (doc. nos. 57 and 58) have any impact on the overall outcome of this case.  As a result, neither Salvati's submissions (doc. nos. 57 and 58) nor BOA's Response (doc. no. 59) will be discussed *infra*.

parties' Objections, however, are the following allegations set forth in the Complaint which bear

repeating:

**FACTS PERTAINING TO BOTH MR. SALVATI AND MS. JONES**

\*     \*     \*

33.  Mr. Salvati and Ms. Jones' respective current account balances
(payoff amount) continue to be overstated.  Each of their accounts currently
reflects paid and unpaid foreclosure-related attorneys' fees and legal expenses
allegedly incurred and un-incurred by the Defendants.  Mr. Salvati and Ms. Jones
each have paid at least a portion of the illegal charges to their respective accounts.

\*     \*     \*

**COUNT I**

**Defendants . . . Violated Act 6  by charging and/or collecting Prohibited
Foreclosure-Related Attorneys' fees and Legal Expenses in Violation of Act 6**

\*     \*     \*

74.  The unauthorized attorneys' fees and legal expenses that Defendants
demanded and/or collected are recoverable under the Act 6 . . . §502.  Named
Plaintiffs, Mr. Salvati and Ms. Jones paid some portion or all of these
unauthorized charges.

Doc. No. 1-1.  In addition, although the Complaint in this matter was originally filed by Plaintiffs

Gene Salvati and Olivia Jones, individually, and on behalf of others similarly situated, Ms. Jones

passed away on June 22, 2012.  On October 9, 2012, the claims brought on her behalf were

dismissed.[2]  See 10/9/2012 Text Order.

**III. STANDARD OF REVIEW**

Parties' objections to a United States Magistrate Judge's Report and Recommendation

require the Court to perform a *de novo* review of the contested portions of the Report.  *Sample v.*

---

[2] Because all claims brought by Ms. Jones were dismissed, and because only Ms. Jones had claims against
OneWest Bank, F.S.B. ("OneWest"), all claims against OneWest were dismissed October 9, 2012, and
this Court terminated OneWest as a party on March 27, 2013.

*Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989) (citing Fed.R.Civ.P. 72(b); 28 U.S .C. § 636(b)(1)(c)).

## IV. DISCUSSION

Each of Magistrate Judge Kelly's recommendations to which Objections were made by a party will be addressed below.

### A. Bank of America ("BOA")

#### 1. Count I – Act 6: Pennsylvania Loan Interest and Protection Law

##### a. Section 406 Claim

Section 406 provides that "no residential mortgage lender shall contract for or receive attorney's fees from a residential mortgage debtor" except in certain circumstances not relevant here.  41 Pa. Stat. Ann. § 406.  Because Plaintiff pled no facts to support a finding that BOA could be considered a residential mortgage lender (see Doc. No. 1-1, generally), and because he also failed to address BOA's argument in its Brief in Support of its Motion to Dismiss that it was not a residential mortgage lender (see Doc. Nos. 11 and 32, generally), the Magistrate Judge found that a Section 406 claim could not lie against BOA, and recommended that this Court dismiss that portion of Count I.  See Doc. No. 46, pp. 6-8.  No party raised an Objection to this portion of the Magistrate Judge's Report and Recommendation.  Accordingly, the determination of Magistrate Judge Kelly will be affirmed and the Report and Recommendation recommending that this Court grant BOA's Motion to Dismiss as to Plaintiff's Section 406 will be adopted by this Court.

##### b. Section 502 Claim

Section 502 provides in relevant part: "[a] person who has paid . . . charges prohibited or in excess of those allowed by this act or otherwise by law may recover triple the amount of such

excess . . . charges in a suit of law against the person who has collected such excess . . .

charges . . . ."  BOA argued that because Plaintiff had not actually paid any improper charges or

fees that he could not succeed on a Section 502 claim.  As noted by Magistrate Judge Kelly and

as quoted above, however, Salvati's Complaint states otherwise.  See Doc. No. 1-1, ¶¶ 33, 74.

Because the motion before the Magistrate Judge was filed pursuant to Fed. R. Civ. P. 12(b)(6),

and because the Complaint contained the above-quoted allegations, Plaintiff stated a plausible

Section 502 claim against BOA under the *Iqbal/Twombly* standard.  As such, the Magistrate

Judge recommended that BOA's Motion to Dismiss the Section 502 claim be denied.  Doc. No.

46, pp. 8-10.

 BOA has objected to this portion of Magistrate Judge Kelly's Report, arguing that the

allegations in Plaintiff's Complaint upon which the Magistrate Judge relied in recommending

that BOA's Motion to Dismiss the Section 502 claim be denied, are false.  See Doc. No. 48, p. 2.

BOA further suggests that Salvati "recanted" the above-quoted allegations in his Brief in

Opposition to BOA's Motion wherein he states that "[i]n Mr. Salvati's individual case, he

suffered a loss of property but not a loss of money . . . ."  Doc. No. 32, p. 2.

 This Court notes for the record, however, that Salvati did not "recant" any allegation set

forth in his Complaint; thus, the assertions that both Ms. Jones <u>and</u> he paid a portion of the

allegedly illegal fees charged remain viable allegations.  This Court notes that Salvati indicated

in his Brief in Opposition to BOA's Motion to Dismiss that he did not suffer a loss of money,

only a loss of property; however, that lone comment was made under the heading, "Statement of

Facts" and was not re-raised, or otherwise addressed in any argument made by Salvati.  Id.

Moreover, Salvati's arguments in all three briefs he filed in opposition to the various

Defendants' Motions to Dismiss contain equivocal statements regarding "payments."  See Doc.

No. 32, p. 11 (Mr. Salvati and some of the other homeowners were not only charges and liened, but paid some or all of the unauthorized and/or illegal foreclosure fees and costs.");  Doc. No. 31, pp. 5-6, 12, 15 (arguing that Salvati has properly pled "payment" and that charges were paid);  Doc. No. 33, pp. 12-13, 17 (quoting the allegations in the Complaint that "Homeowners paid the misrepresented and over charged amounts" and that those illegal charges were paid to McCabe).

Now, in his Objections to Magistrate Judge Kelly's Report and Recommendation, Salvati states that he "wishes to clarify that, as a result of the foreclosure proceeding against him, he did not personally pay any money to the Defendants," and that the apparent confusion stemmed from the fact that Ms. Jones, a named plaintiff at the commencement of this action, passed away.  Doc. No. 47, pp. 6-7.  The suggestion is that, despite his <u>completely</u> contrary allegations in the Complaint, that "Mr. Salvati and Ms. Jones each have paid at least a portion of the illegal charges," those assertions pertain only to Ms. Jones.  Doc. No. 1-1, ¶¶ 33, 74.

The "confusion," therefore, is actually an express factual conflict created by Salvati's Complaint – which was signed by his attorney, Michael Malakoff, and verified by Salvati himself – and his subsequent filings signed by Mr. Malakoff, which was compounded by Salvati's failure to file an Amended Complaint upon the death of Ms. Jones.  Given that the fact at issue is the ultimate and dispositive fact as to the Section 502 claim, Salvati's prior equivocation regarding whether or not he personally paid any of the illegal fees charged appears disingenuous.

As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.  *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3rd Cir. 1985).  However, the Court of Appeals for the Third Circuit has held that there are

exceptions to the general rule.  For example, if a document is integral to, or explicitly relied upon

in a Complaint (*see In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d

Cir. 1997)), the Court may consider it.  Similarly, a Court may consider an undisputedly

authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's

claims are based on the document.  *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc*.,

998 F.2d 1192, 1196 (3d Cir. 1993).   The Court is also permitted to take judicial notice of

"certain matters outside the body of the complaint itself, such as exhibits attached to the

complaint and [other] facts of which the court will take judicial notice."  See *Pryor v. National

Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (quoting 62 Fed. Proc., L. Ed. §

62:520).  A judicially noticed fact is a fact that is not established by admissible evidence but may

be accepted by the Court because the fact is generally known within the trial Court's territorial

jurisdiction, or because its validity can be determined from sources whose accuracy cannot be

reasonably questioned.  See Fed. R. Evid.  201(b).

The Court of Appeals has expressed that its rationale underlying these exceptions is that

"the primary problem raised by looking to documents outside the complaint – lack of notice to

the plaintiff – is dissipated '[w]here plaintiff has actual notice . . . and has relied upon these

documents in framing the complaint.'"  *Burlington*, 114 F.3d at 1426.

Here, Salvati has made statements to this Court in his Brief in Opposition to BOA's

Motion to Dismiss (Doc. No. 32), and in his Objections to the Report and Recommendation

(Doc. No. 47), that have been signed by counsel.  Under Rule 11(b):

> (b) Representations to the Court. By presenting to the court a pleading,
> written motion, or other paper--whether by signing, filing, submitting, or
> later advocating it--an attorney or unrepresented party certifies that to the
> best of the person's knowledge, information, and belief, formed after an
> inquiry reasonable under the circumstances:

*   *   *

   (3) the factual contentions have evidentiary support or, if specifically so
identified, will likely have evidentiary support after a reasonable
opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(3).

   Thus, notwithstanding that Salvati's statements to this Court in a public record (*i.e.* his

Objections to the Magistrate Judges Report and Recommendation, doc. no. 47) contradict an

operative fact in the Complaint upon which his Section 502 claim is based, the Court finds that

these statements constitute factual contentions with evidentiary support of which the Court may

take judicial notice.

   In reaching this conclusion, the Court notes that the very rationale which allows a court to

look beyond the Complaint– lack of notice to the plaintiff – is not present here.  First, Plaintiff

himself stated in his own Objections to the Magistrate Judge's Report that he "wishe[d] to clarify

that, as a result of the foreclosure proceeding against him, he did not personally pay any money

to the Defendants."  Doc. No. 47, pp. 6-7.  Second, Defendant McCabe provided the Court with

an e-mail exchange between counsel for BOA and Salvati's counsel dated February 7, 2013,[3]

wherein Salvati's counsel indicated that "[o]ur current position is that Mr. Salvati did not pay

any foreclosure fees or legal expenses" and that he would be willing to so stipulate if defense

counsel would like.  See Doc. No. 49-1, p. 2.

   The validity of Salvati's statement acknowledging that he had paid no monies, which he

made in his own Objections to the Magistrate's Report  (wherein he "wishe[d] to clarify that, as a

result of the foreclosure proceeding against him, he did not personally pay any money to the

Defendants" (Doc. No. 47, pp. 6-7)), as well as the validity of the statements Salvati's counsel

---

[3] Magistrate Judge Kelly's Report and Recommendation was filed on February 1, 2013.  Doc. No. 46.

made in the e-mail exchange with BOA (wherein he admitted and then offered to have Salvati stipulate that he had paid no money to any Defendant (Doc. No. 49-1, p. 2)), are not in dispute and cannot otherwise be reasonably questioned. Thus, the statements made in Salvati's Objections (which are now part of a public record at doc. no. 47), coupled with the statements made by his attorney in an e-mail exchange (where are part of a public record via Defendant McCabe's Objections at doc. no. 49-1), directly conflict with statements Salvati made in his Complaint. The more recent statements set forth in Salvati's Objections and the email exchange demonstrate that Salvati certainly has notice, and is clearly not prejudiced by, this Court's decision to take judicial notice of the fact that Salvati has not paid any of the alleged illegal foreclosure fees at issue in this case.

As the statute makes clear, Salvati cannot sustain a Section 502 claim if he has not paid monies.[4] Accordingly, the Court will decline to adopt the Magistrate Judge's recommendation that BOA's Section 502 claim be dismissed and, instead, will enter an Order granting BOA's Motion to Dismiss the Section 502 claim.

### 2. Count II – Act 6 and Act 91: Housing Finance Agency Law

Magistrate Judge Kelly acknowledged that there is no private right of action under Act 91. However, she recommended that this Court deny BOA's Motion to Dismiss because Salvati's Section 502 claim provided a remedy for violations of Act 91. See Doc. No. 46, pp. 11-12. In making this recommendation, the Magistrate Judge relied, in part, upon her findings with respect to Salvati's Section 502 claim, in particular the allegations set forth in the

---

[4] To the extent that Salvati seeks to resuscitate his Section 502 claim by arguing that the Magistrate Judge accepted his argument that an increased encumbrance on his property was sufficient to sustain his Section 502 claim (Doc. No. 47, p. 8), the record is to the contrary. Although the Magistrate Judge referenced Salvati's "increased encumbrance" allegation in his Complaint by noting that the addition of the illegal fees increased the encumbrance on his property, her findings clearly turned on the fact that Salvati had "sufficiently alleged that he paid charges prohibited or in excess of those allowed by Act 6 or 'otherwise by law'. . . ." Doc. No. 46, pp. 11-12.

Complaint affirmatively stating that Salvati paid some portion of the illegal costs.  See Doc. No. 1-1, ¶ 33; Doc. No. 46, pp. 11-12.  However, as noted by the Court in "A.1.b" above, because no such fees or costs were paid by Salvati, he does not have a viable Section 502 claim.  Without a viable Section 502 claim, this Court must now also decline to adopt the Magistrate Judge's recommendation that BOA's Motion to Dismiss Count II be denied.

Rather, for the reasons set forth in subpart "A.1.b." above, and because there is no independent basis for an Act 91 claim, the Court will grant BOA's Motion to Dismiss Count II of the Complaint.

### 3. Count III – UTPCPL Claim

The Magistrate Judge concluded that Salvati's Complaint alleged that BOA made a misrepresentation or engaged in an act or practice that had the capacity or tendency to deceive, and thus, violated Section 201-2(4)(xxi) of the UTPCPL.  See Doc. No. 46, p. 14.  Specifically, the Magistrate Judge found that "BOA verified the allegations in the Foreclosure Complaint, including the representation that allegedly illegal and/or unauthorized attorneys' fees and other costs were due and owing" which had the capacity to deceive and therefore, run afoul of the UTPCPL.  Id.  However, the Magistrate Judge's Report continues:

> Moreover, having alleged that he paid at least a portion of the illegal fees, it is reasonable to infer that Mr. Salvati did so in reliance on the misrepresentation that attorneys' fees and other legal expenses were due and owing.

Id.

Relying on his assertion in paragraph 33 of the Complaint, as well as Salvati's representations in his Brief in Opposition to BOA's Motion to Dismiss that, "Mr. Salvati and some of the other homeowners were not only charged and liened, but paid some or all of the unauthorized and/or illegal foreclosure fees and costs[,]" (Doc. No. 32, p. 11), Magistrate Judge

Kelly noted that Salvati had "paid a portion of those increased costs" and, thus, "suffered an ascertainable loss" as is required to state a claim under the UTPCPL.[5] *Baynes v. George E. Mason Funeral Home, Inc.*, No. 09-153J, 2011 WL 2181469, at *4 (W.D. Pa. June 2, 2011). The Magistrate Judge's determination that Salvati could maintain his UTPCPL claim against BOA, therefore, was based on the belief that Salvati had paid a portion of the fees and costs charged.

As this Court has found in subpart "A.1.b." above, however, Salvati paid no money, no "increased costs" and, thus, did not suffer an "ascertainable loss." Because no money was paid and no loss ascertained, the basis upon which the Magistrate Judge recommended this Court deny BOA's Motion to Dismiss the UTPCPL claim does not exist. Accordingly, this Court declines to adopt the Magistrate Judge's recommendation in this regard and will grant BOA's Motion to Dismiss the UTPCPL claim brought under Section 201-2(4)(xxi).

Magistrate Judge Kelly also recommended that BOA's Motion seeking dismissal of Plaintiff's claim brought under Section 201-2(4)(v) of the UTPCPL be granted. Plaintiff has objected to the Magistrate Judge's recommendation arguing that "when a servicer or debt collector misrepresents the characteristics of the secured debt interest . . . as to what can be charged[,] a viable claim has been stated." Doc. No. 47, p. 6. Section 201-2(4)(v), however, makes it an unfair or deceptive practice to represent that goods or services have certain characteristics or benefits that they do not have in order to influence a purchasing decision. *Christopher v. First Mutual Corp.*, No. 05-0115, 2008 WL 1815300, at *10 (E.D. Pa. April 22, 2008). As found by the Magistrate Judge, Plaintiff has not alleged that BOA misrepresented the characteristics or benefits of the Mortgage or the Note in the first instance, but claims only that

---

[5] For its part, BOA also referred to ¶ 33 of the Complaint and argued only that the allegations were "conclusory" and provided "no allegations about what amounts were paid or when." Doc. No. 11, p. 15. BOA did not argue that the facts as alleged pertained only to Ms. Jones.

improper fees were subsequently assessed relative to the foreclosure proceedings.  Accordingly, the Magistrate Judge's findings in this regard will be affirmed and the Report and Recommendation insofar as it recommends dismissed of Plaintiff's claim against BOA under Section 201-2(4)(v) of the UTPCPL will be adopted by the Court.

### 4. Count VI – FCEUA Claim

Magistrate Judge Kelly recommended that this Court deny BOA's Motion to Dismiss the FCEUA claim, predicated upon the same set of facts set forth in paragraph 33 of the Complaint and referenced in subparts "A.1.b." and "A.3." above, *i.e.*, that Salvati had "paid a portion of those increased costs" and thus "suffered an ascertainable loss."  See Doc. No. 46, pp. 15-16.

Because this Court has found that those facts are not accurate, the Magistrate Judge's recommendation predicated upon those facts cannot be adopted by this Court.  Accordingly, for the same reasons as those set forth in subparts "A.1.b." and "A.3." above, this Court will grant BOA's Motion to Dismiss the FCEUA claim.

### 5.  Conclusion with Respect to BOA

This Court will adopt in part and reject in part the specific recommendations of the Magistrate Judge for the reason set forth and discussed above.  The Objections to the Report and Recommendation raised by BOA are sustained and the Objections to the Report and Recommendation raised by Salvati are overruled in accordance with the analyses above. Accordingly, this Court will enter an Order granting BOA's Motion to Dismiss as to all the claims asserted against it by Salvati.

**B. Deutsche Bank National Trust Company, N.A. ("Deutsche Bank")**

**1. Count I – Act 6: Pennsylvania Loan Interest and Protection Law**

Magistrate Judge Kelly recommended that Salvati's claim under Section 502 of Act 6 proceed against Deutsche Bank based on Salvati's allegations in the Complaint that he paid "at least a portion of the illegal charges" charged to his account by Deutsche Bank.  Doc. No. 46, p. 17.  Like BOA, Deutsche Bank argues in its Objections to the Report and Recommendation that Salvati, personally, never paid money to Deutsche Bank in violation of Section 502.  As noted above in subpart "A.1.b.," Salvati has admitted vis-à-vis his attorney's public submission that he did not actually pay any monies to Deutsche Bank or any other Defendant.  Doc. No. 47, p. 7.  Although this Court acknowledges that Salvati has not amended his Complaint to cure the contradictory assertions, the Court is confident, based on counsel's affirmative representations in Salvati's other public filings that Salvati actually paid nothing to any Defendant, including Deutsche Bank.  See Doc. Nos. 32, 47.

Indeed, the Court has taken judicial notice of the contradictory facts set forth in Salvati's Objections to the Report and Recommendation which were signed by his counsel.  Doc. No. 47.  See Fed. R. Civ. P. 11(b).  The Court has also taken judicial notice of the e-mail exchange between counsel for Plaintiff and Deutsche Bank in which Mr. Malakoff states that Salvati has not paid any foreclosure fees or legal expenses and is willing to so stipulate.  Doc. No. 49-1, p. 2.  Because Salvati cannot sustain a Section 502 claim if he has not paid any monies, the Court declines to adopt the recommendation of the Magistrate Judge in which she found that Plaintiff has stated a viable Section 502 claim against Deutsche Bank and will enter an Order granting Deutsche Bank's Motion to Dismiss the Section 502 claim.

### 2. Count II – Act 6 and Act 91: Housing Finance Agency Law

As with BOA (see subpart "A.2." above), Magistrate Judge Kelly found that although there is no private right of action under Act 91, Section 502 provided a remedy for violations of Act 91 insofar as the violation resulted in illegal charges being paid.  See Doc. No. 46, p. 18. Because Salvati alleged in the Complaint that he had paid at least some of the alleged illegal charges (see Doc. No. 1-1, ¶ 33), the Magistrate Judge recommended that this Court deny Deutsche Bank's Motion to Dismiss with respect to Salvati's Section 502 claim.  Doc. No. 46, p. 15.

In its Objections to the Report and Recommendation, Deutsche Bank contends that Salvati's failure to pay any fees or costs is fatal to his Act 6 and Act 91 claims.  This Court agrees based on the same analyses and for the same reasons as those set forth above in relation to BOA.  See Subparts "A.1.b." and "A.2." above.  Specifically, based on Plaintiff's counsel's representations in his Objections to the Report and Recommendation and his admissions in the e-mail to defense counsel, this Court has taken judicial notice of the fact that Salvati never paid money to any Defendant and, therefore, has failed to state a cognizable claim under Section 502. Because there is otherwise no independent basis for an Act 91 claim, Count II of the Salvati's Complaint against Deutsche Bank fails.

For these reasons, in addition to the reasons set forth in "B.1." above, this Court declines to adopt the recommendation denying Deutsche Bank's Motion to Dismiss Count II.  To the contrary, because this Court has held in "B.1." above that Salvati's Section 502 claim will be dismissed, the Court will likewise grant Deutsche Bank's Motion to Dismiss Count II of Salvati's Complaint.

14

### 3. Count III – UTPCPL Claim

The Magistrate Judge concluded that Salvati's Complaint alleged that Deutsche Bank initiated foreclosure proceedings through its attorney (Defendant McCabe) and it likewise adequately asserted an allegedly false and deceptive representation in the Foreclosure Complaint regarding the fees due and owing to Deutsche Bank.  Doc. No. 46, pp. 19-20.   Magistrate Judge Kelly also noted that Salvati alleged "that he paid some portion of the unlawful charges in reliance on Defendants' misrepresentations and overstated charges . . . ."  Id., p. 20.  As previously discussed, the Magistrate Judge's findings were based on Salvati's representation in the Complaint that at least some of the alleged illegal fees had been paid, and on Salvati's reference to those allegations in his Brief in Opposition to the Motion to Dismiss wherein he argued that his "allegation of payment" was sufficient.  The Magistrate Judge therefore concluded in her report that:

> Because Mr. Salvati alleges that he paid at least a portion of those
> increased charges in reliance on the misrepresentations in the Foreclosure
> Complaint he has sufficiently state [sic.] a claim under Section 201–
> 2(4)(xxi) of the UTPCPL to survive a motion to dismiss.

Id., pp. 20-21.

As this Court has repeatedly noted above, Salvati paid no money and, thus, did not suffer a "discernable loss" as his Complaint led the Magistrate Judge to believe.  Because no money was paid by Salvati, the reasoning upon which the Magistrate Judge based her recommendation that this Court deny Deutsche Bank's Motion to Dismiss the UTPCPL claim was flawed.  Accordingly, this Court will grant Deutsche Bank's Motion to Dismiss the UTPCPL claim.

The Magistrate Judge also recommended that Deutsche Bank's motion seeking dismissal of Salvati's claim brought under Section 201-2(4)(v) of the UTPCPL be granted.  Salvati has objected to the Magistrate Judge's recommendation repeating his argument made with respect to

the same claim brought against BOA, that "when a servicer or debt collector misrepresents the characteristics of the secured debt interest . . . as to what can be charged, a viable claim has been stated." Doc. No. 47, p. 6. As previously discussed, however, Section 201-2(4)(v) makes it an unfair or deceptive practice to represent that goods or services have certain characteristics or benefits that they do not have in order to influence a purchasing decision. *Christopher*, 2008 WL 1815300, at *10.

As found by the Magistrate Judge, Salvati has not alleged that Deutsche Bank misrepresented the characteristics or benefits of the Mortgage or the Note in the first instance but claims only that improper fees were subsequently assessed relative to the foreclosure proceedings. Accordingly, the Magistrate Judge's findings in this regard will be affirmed and the Report and Recommendation, insofar as it recommends dismissed of Salvati's claim against Deutsche Bank under Section 201-2(4)(v) of the UTPCPL, will be adopted by the Court.

### 4. Count VI – FCEUA Claim

The Magistrate Judge recommended in her Report and Recommendation that this Court deny Deutsche Bank's Motion to Dismiss the FCEUA claim. Doc. No. 46, p. 21. However, the Magistrate Judge's recommendation in this regard was predicated upon the same facts, *i.e.*, that Deutsche Bank actually "collected" the debt or part of the debt it deceptively represented to Salvati, which in turn means, that Salvati had to have "paid a portion of those increased costs" thereby suffering "a discernable loss." Id. at p. 16.

Because as set forth in subpart "A.1.b." above, this Court has found that those facts are not accurate, the Magistrate Judge's recommendation predicated upon those inaccurate facts cannot be adopted by this Court. Accordingly, for the same reasons as those set forth in subpart "B.3." above, this Court will grant Deutsche Bank's Motion to Dismiss the FCEUA claim.

### 5. Count VII – Breach of Contract Claim

In her Report and Recommendation, Magistrate Judge Kelly found, for numerous reasons, that Salvati could not assert a breach of contract action against Deutsche Bank. Doc. No. 46, pp. 21-24. Specifically, the Magistrate Judge noted that the breach of contract claim was only brought by Ms. Jones who died and whose claims were subsequently dismissed from the case. Id., p. 21. The Magistrate Judge also found that Count VII of the Complaint was "devoid of any reference" to Salvati and failed to set forth "a specific contract provision, a breach, or resulting damages" with respect to Salvati, and that his equivocal statements in his Brief in Opposition to the Motion to Dismiss regarding whether a contract even existed and whether a breach occurred, failed to bolster the deficiencies in the Complaint.

For those reasons alone, this Court concurs with the conclusion reached by Magistrate Judge Kelly in her Report and Recommendation wherein she recommended this Court grant Deutsche Bank's Motion to Dismiss the breach of contract claim. Furthermore, in light of Salvati's statements set forth in his Objections to the Magistrate Judge's Report and Recommendation that he did not pay any monetary fees, his breach of contract nevertheless fails as Salvati would be unable to satisfy the damages element of a breach of contract claim. Doc. No. 47, p. 7.

Salvati's Objections to the Report and Recommendation with respect to the breach of contract claim are otherwise not sustainable. Salvati's Objections are premised on the notion that the "disagreement" over whether he has properly stated a breach of contract claim "can and, at a minimum, should be resolved by an Amended Complaint." Doc. No. 47, p. 11. Not only does this statement seemingly concede that the present Complaint fails to state a breach of

contract claim, but the time to amend the Complaint in order to cure the deficiencies in the original Complaint was after Deutsche Bank pointed them out in its Motion to Dismiss.

To date, Salvati has not amended his Complaint. Instead, he chose to defend the allegations as raised and by arguing additional facts in his Brief in Opposition to Deutsche Bank's Motion. As found by the Magistrate Judge, however, a Plaintiff may not amend his or her Complaint through a brief filed in opposition to a motion to dismiss. *See Commonwealth of Pa. ex. rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Likewise, this Court finds that Salvati's Complaint cannot be amended through Objections to a Report and Recommendation. Accordingly, the Magistrate Judge's findings with respect to Salvati's breach of contract claim brought against Deutsche Bank are sustained and the Report and Recommendation in this regard is adopted by the Court.

### 6. Conclusion with Respect to Deutsche Bank

This Court will adopt in part and reject in part the specific recommendations of the Magistrate Judge for the reasons set forth and discussed in detail above. The Objections to the Report and Recommendation raised by Deutsche Bank are sustained and the Objections to the Report and Recommendation raised by Salvati are overruled in accordance with the analyses above. Accordingly, this Court will enter an Order granting Deutsche Bank's Motion to Dismiss as to all the claims asserted against it by Salvati.

### C. McCabe, Weisberg & Conway, P.C. ("McCabe")

### 1. Count I – Act 6: Pennsylvania Loan Interest and Protection Law

Unlike Defendants BOA and Deutsche Bank, McCabe attempted to argue that Salvati's Complaint contained an allegation misstating the law with respect to the sum of money necessary to constitute a "residential mortgage" under Act 6. The Magistrate Judge correctly discounted

McCabe's argument in this regard finding that the "misstatement" amounted to no more than a "typo." Doc. No. 46, p. 25. Because McCabe's Motion to Dismiss Count I cannot be predicated upon a "typo," the Court will affirm the Magistrate Judge's findings in this regard.

However, McCabe also argued in its Motion to Dismiss, much like BOA and Deutsche Bank, that Salvati's Act 6 claim brought at Count I should be dismissed, because Salvati failed to allege sufficient facts showing that he actually paid any of the disputed fees or costs. Because the Magistrate Judge had already determined, based on the inaccurate facts set forth the Complaint, that Salvati "paid some or all of the unauthorized charges" that McCabe allegedly charged and/or collected, she rejected McCabe's argument. Id., p. 26.

As previously discussed, however, Salvati did not actually pay any monies to "any Defendant" including McCabe. See Doc. No. 47, p. 7. Thus, for the same reasons set forth in subparts "A.1.b." and "B.1." above, the Court declines to adopt the recommendation of the Magistrate Judge suggesting that McCabe's Motion, insofar as it seeks dismissal of Plaintiff's Section 502 claim, be denied. Rather, this Court will enter an Order granting McCabe's Motion to Dismiss the Section 502 claim.

## 2. Count II – Act 6 and Act 91: Housing Finance Agency Law

As she had with respect to BOA's and Deutsche Bank's Motions, Magistrate Judge Kelly acknowledged that there is no private right of action under Act 91. See Subparts "A.2." and "B.2.," above. The Magistrate Judge also found that Salvati had no viable Act 6/Act 91 claim against McCabe as alleged in the Complaint at ¶ 78(1) (failure to send an Act 6 and/or Act 91 Notice), ¶ 78(4) (defective Notice), ¶ 78(5)(failure to inform of right to refinance) and ¶ 78(8) (failure to include list of credit counseling agencies). Doc. No. 46, pp. 26, 28-31. The Magistrate Judge did not possess sufficient information to make a recommendation as to ¶ 78(2).

Id., p. 27.  Magistrate Judge Kelly found that Salvati could maintain his claim against McCabe as per ¶ 78(3) (decision that was made to accelerate the loan was not made mortgage holder (Deutsche Bank)), ¶ 78(6) (lack of information concerning "restructuring" the loan), ¶ 78(7) (lack of notice about right to meet with the mortgagee), and ¶ 78(9) (foreclosure plaintiff was not the noteholder).  Id., pp. 27-28, 31-32.

McCabe has objected to these findings arguing that they are based on the flawed premise that Salvati paid at least a portion of the illegal charges at issue.  Indeed, as previously discussed, recovery under Section 502 is limited to persons who have paid the prohibited charges.  41 Pa. Stat. Ann. § 502.  The Magistrate Judge based her findings on the supposition that McCabe's alleged failure to comply with the requisite notice requirements precipitated the filing of an improper Foreclosure Complaint that included illegal charges and that, because Salvati had alleged that he paid at least some of those charges, he had properly stated a claim under Act 6. Doc. No. 46, pp. 32-33).

It is now clear, however, that Salvati did not pay any of the prohibited charges.  Thus, for the same reasons set forth in subparts "A.1.b." and "B.1." above, the Court declines to adopt the recommendation of the Magistrate Judge suggesting that portions of McCabe's Motion, insofar as it seeks dismissal of Salvati's Section 502 claims at paragraphs ¶ 78(2), ¶ 78(3), ¶ 78(6), ¶ 78(7), and ¶ 78(9) be denied.  Rather, this Court will enter an Order granting McCabe's Motion to Dismiss the entire Section 502 claim brought at Count II.

### 3. Count III – UTPCPL Claim

In its Motion to Dismiss, McCabe argued that Salvati's claim brought against it under the UTPCPL should be dismissed, because "the UTPCPL does not apply to claims against an attorney arising out of the practice of law."  Doc. No. 15, p. 8.  The Magistrate Judge agreed with

McCabe generally but, relying on *Beyers v. Richmond*, 937 A.2d 1082 (Pa. 2007) and *Daniels v. Baritz*, No. 02-7929, 2003 WL 21027238 (E.D. Pa. April 30, 2003), also found that conduct such as debt collecting falls outside the ambit of an attorney's practice of law for purposes of a UTPCPL analysis.  Doc. No. 46, pp. 33-35.  Because Salvati was not challenging the adequacy of McCabe's representation but rather the propriety of his debt collection practices, Magistrate Judge Kelly denied McCabe's Motion with respect to Plaintiff's UTPCPL claim.

In its Objections to the Magistrate Judge's Report and Recommendation, McCabe now argues that Plaintiff's UTPCPL claim should be dismissed, because Salvati has admitted that he did not pay any of the foreclosure fees or legal expense at issue and, thus, did not sustain an "ascertainable loss."  Doc. No. 49, p. 8.  See *Baynes*, 2011 WL 2181469, at *4.

Although Magistrate Judge Kelly did not address this precise issue with respect to McCabe, as set forth in subparts "A.1.b.," "A.3.," and "B. 3.," above, it is undisputed that Salvati made no payments and, thus, did not suffer an "ascertainable loss."  Salvati, therefore, is unable to sustain a claim under the UTPCPL against any of the Defendants including McCabe. Accordingly, this Court declines to adopt the Magistrate Judge's recommendation as to the UTPCPL claim brought under Section 201-2(4)(xxi) at Count III and will grant McCabe's Motion to Dismiss in this regard.

Similarly, although not argued by McCabe and not addressed by Magistrate Judge Kelly in her Report and Recommendation, the Court will also dismiss Plaintiff's UTPCPL claim against McCabe brought under Section 201-2(4)(v), which makes it an unfair or deceptive practice to represent that goods or services have certain characteristics or benefits that they do not have in order to influence a purchasing decision.  *Christopher*, 2008 WL 1815300, at *10. Salvati has not alleged that McCabe misrepresented the characteristics or benefits of the

Mortgage or the Note in the first instance, but claims only that improper fees were subsequently assessed relative to the foreclosure proceedings.  Accordingly, for the reasons set forth in subparts "A.3." and "B.3." above, Salvati has failed to state a claim against McCabe under Section 201-2(4)(v) of the UTPCPL and that claim will be dismissed.

### 4. Count IV – FDCPA Claim

After reviewing the allegations in the Complaint relevant to Salvati's FDCPA claim brought against McCabe, (Doc. No. 1-1, ¶¶ 18, 31, 32, 33, 86, 88), Magistrate Judge Kelly found that Salvati had alleged sufficient facts to state a plausible claim under the FDCPA and recommended that McCabe's Motion to Dismiss as to that claim be denied.  Doc. No. 46, pp. 37-39.  Although not previously argued by McCabe, it now objects to the Magistrate Judge's findings in this regard arguing that, because Salvati has admitted that he has not paid any of the disputed foreclosure fees and legal expenses – the very premise upon which the Magistrate Judge based her opinion.  Doc. No. 49, p. 10.  Notably, Salvati has not addressed McCabe's objections with respect to his FDCPA claim.

As this Court has discussed above in subpart "A.1.b.," Salvati has paid none of the alleged illegal fees and costs and, thus, has not suffered any actual damages as his Complaint led the Magistrate Judge to believe.  *See F.T.C. v. Check Investors, Inc.*, 502 F.3d 159, 166 (3d Cir. 2007) ("[t]he FDCPA allows consumers to sue an offending creditor for actual damages"). Because no money was paid by Salvati, McCabe is correct that the reasoning upon which the Magistrate Judge based her recommendation to deny McCabe's Motion to Dismiss, was flawed. Accordingly, this Court declines to adopt the Magistrate Judge's recommendation to deny McCabe's Motion to Dismiss in this regard and, instead, will grant McCabe's Motion to Dismiss with respect to the FDCPA brought against it.

### 5. Count V – FCEUA Claim

The Magistrate Judge correctly recommended that Salvati's FCEUA claim brought against McCabe be dismissed because, under the recent case of *Glover v. F.D.I.C.*, 698 F.3d 139 (3d Cir. 2012), McCabe did not fall under the FCEUA's definition of "debt collector" which excludes attorneys attempting to collect a debt "in connection with the filing or service of pleadings or discovery or the prosecution of a lawsuit to reduce a debt to judgment." 73 Pa. Stat. Ann. § 2270.3(3)(ii).  See Doc. No. 46, pp. 36-37.  Salvati objects to the Magistrate Judge's recommendation arguing that *Glover* does not apply, because the attorney law firm in *Glover* did not send a defective Act 6/Act 91 Notice as has been alleged here.  Doc. Nos. 47, pp. 15-16; 57, pp. 1-2.  Plaintiff, however, does not articulate why sending a defective notice, which precipitates the filing of a foreclosure action, is any less "in connection with the prosecution of a lawsuit to reduce a debt to judgment" than filing the foreclosure complaint itself.  See 73 Pa. Stat. Ann. § 2270.3(3)(ii).

Accordingly, the Court overrules Salvati's objections and will affirm the Magistrate Judge's findings in this regard.  The Report and Recommendation with respect to Salvati's claim brought against McCabe under the FCEUA will be adopted by the Court.

### 6. Conclusion with Respect to McCabe

This Court will grant adopt in part and reject in part the specific recommendations of the Magistrate Judge for the reason set forth and discussed in detail above.  The Objections to the Report and Recommendation raised by McCabe are sustained and the Objections to the Report and Recommendation raised by Salvati are overruled in accordance with the analyses above. Accordingly, this Court will enter an Order granting McCabe's Motion to Dismiss as to all the claims asserted against it by Salvati.

## V. CONCLUSION

Based on the foregoing law and authority, and after a *de novo* review of this entire matter,

the Court **adopts** the following recommendations of United States Magistrate Judge Kelly:

BOA:

- Recommendation to grant BOA's Motion to Dismiss claims under Section 406 of Act 6 set forth in Count I; and
- Recommendation to grant BOA's Motion to Dismiss Section 201-4(v) of Pennsylvania's UTPCPL set forth in Count III.

Deutsche Bank:

- Recommendation to grant Deutsche Bank's Motion to Dismiss Section 201-4(v) of Pennsylvania's UTPCPL set forth in Count III; and
- Recommendation to grant Deutsche Bank's Motion to Dismiss the Breach of Contract claim set forth in Count VII.

McCabe:

- Recommendation to grant McCabe's Motion to Dismiss Act 6 and Act 91 claims set forth in ¶ 78(1) (failure to send an Act 6 and/or Act 91 Notice), ¶ 78(4) (defective Notice), ¶ 78(5) (failure to inform of right to refinance) and ¶ 78(8) (failure to include list of credit counseling agencies) of Count II for the reasons in the Magistrate Judge's report and recommendation as well as for the this Court stated, *infra*; and
- Recommendation to grant McCabe's Motion to Dismiss the FCEUA claim set forth in Count V.

The Court **declines to adopt** all remaining recommendations made by the United States

Magistrate Judge for the reasons set forth in greater detail, above.   Accordingly, this Court

overrules Plaintiff's Objections to the Magistrate Judge's Report and Recommendation and

sustains all three Defendants' Objections to the Magistrate Judge's Report and Recommendation.

The net effect of the Court's decision to adopt the above recommendations while

rejecting all others, is as follows:

The Motion to Dismiss filed by BOA (Doc. No. 10) will be GRANTED.

The Motion to Dismiss filed by Deutsche Bank (Doc. No. 12) will be GRANTED.

The Motion to Dismiss filed by McCabe (Doc. No. 14) will be GRANTED.

An appropriate Order shall follow.

/s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     United States Magistrate Judge Maureen P. Kelly
        All Registered ECF Counsel