IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENE W. SALVATI, individually and on behalf of other similarly situated former and current homeowners in Pennsylvania,<br>　　　　　　　　　　Plaintiffs,<br><br>　　　vs.<br><br>Behalf of other similarly situated former<br>And current homeowners in Pennsylvania;<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, N.A. a subsidiary of<br>Deutsche Bank, AG; BANK OF<br>AMERICA HOME LOANS SERVICING<br>a subsidiary of Bank of America, N.A.;<br>ONEWEST BANK, F.S.B.; McCABE,<br>WEISBERG & CONWAY, P.C., a law<br>Firm and debt collector,<br>　　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 12-971<br>) Judge Arthur J. Schwab<br>) Chief Magistrate Judge Maureen P. Kelly<br>)<br>)<br>)<br>)<br>)<br>) Re: ECF No. 76<br>)<br>)<br>)<br>)<br>) |

## **REPORT AND RECOMMENDATION**

This purported class action case stems from foreclosure proceedings allegedly initiated by, and/or on behalf of, Defendants Deutsche Bank National Trust Company, N.A. ("Deutsche"), Bank of America Home Loans Servicing ("BOA"), OneWest Bank, F.S.B. ("OneWest") and McCabe, Weisberg & Conway, P.C. ("McCabe") (collectively, "Defendants"), after Plaintiff Gene W. Salvati ("Mr. Salvati") defaulted on his home mortgage loan.[1]

Defendants BOA, Deutsche and McCabe each filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), ECF Nos. 10, 12, 14, which were ultimately granted in their entirety by the Court on March 28, 2013. ECF Nos. 60-61. Plaintiff appealed the dismissal of his claims to the United States Court of Appeals for the Third Circuit, and on July 29, 2014, the Third Circuit Court of Appeals issued an Opinion affirming in part and reversing in part. Specifically, the

---

[1] Olivia Jones was also a named Plaintiff at the commencement of this action. Ms. Jones, however, passed away on June 22, 2012, and the claims brought on her behalf were subsequently dismissed pursuant to Fed. R. Civ. P. 41(a). See ECF No. 28; 10/9/2012 Text Order.

Court reversed and remanded the dismissal as to Counts I and II of the Complaint with respect to Defendant Deutsche only and reversed and remanded the dismissal of Count IV brought against Defendant McCabe. ECF No. 65-1, p. 18. The only issue with respect to the claims remaining against Deutsche at Counts I and II is whether, based upon the allegations in the Complaint, Plaintiff has a valid remedy under §§ 503 and 504 of the Pennsylvania Loan Interest and Protection Law ("Act 6"), 41 Pa. Stat. Ann. §§ 101 *et seq*. ECF No. 65-1, pp. 6-7.

On October 24, 2014, Deutsche filed a Motion to Dismiss, ECF No. 76, in which it argues that Plaintiff's failure to plead that he suffered actual damages or loss precludes a finding that he can recover on the remaining Act 6 claims. On November 21, 2014, Plaintiff filed a Status Report in lieu of responding to Deutsche's Motion to Dismiss, ECF No. 78, in which Plaintiff acknowledges that his Act claims "do not appear viable." ECF No. 78, ¶ 2. Given that Plaintiff has conceded that he has failed to allege sufficient facts to show he entitled to relief under Act 6, it would appear that Deutsche's Motion to Dismiss is properly granted. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face"); Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

For the foregoing reasons, is respectfully recommended that the Motion to Dismiss submitted on behalf of Defendant Deutsche, ECF No. 76, be granted and that the remaining

claims against Defendant Deutsche brought at Counts I and II of the Complaint be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

    Respectfully submitted,

    <u>/s/ Maureen P. Kelly</u>
    MAUREEN P. KELLY
    CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: December 2, 2014

cc:    The Honorable Arthur J. Schwab
      United States District Judge

      All counsel of record by Notice of Electronic Filing