UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENE W. SALVATI, ROSALIND DAVIS, HARRY DAVIS, and BRIAN D. MURPHY, | )<br>)<br>) Civil Action No. 12-971 |
| Plaintiffs, | ) Chief Magistrate Judge Maureen P. Kelly<br>) |
| v. | ) Re: ECF No. 218<br>) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., BANK OF AMERICA HOME LOANS SERVICING, ONEWEST BANK, F.S.B., and MCCABE, WEISBERG & CONWAY, P.C., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

The pending Motion for Reconsideration filed on behalf of Antonello Boldrini ("Mr. Boldrini" or "Movant") seeks reconsideration of this Court's Order entered April 2, 2018, denying Mr. Boldrini's prior Motion for Relief from Judgment. ECF No. 217. A motion for reconsideration must rely on either: (1) intervening change in controlling law; (2) availability of new evidence that was not available when the Court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (*quoting* Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 678 (3d Cir. 1999)).

Reconsideration motions may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2810.1. With regard to "newly discovered evidence," the party seeking relief from judgment must establish, *inter alia*,

that the evidence is material and probably would have changed the outcome of the disposition of the matter. Compass Technology, Inc. v. Tseng Laboratories, Inc., 71 F.3d 1125, 1130 (3d Cir. 1995). Further, for fraud to serve as a basis to vacate the judgment entered in this matter, the United States Court of Appeals has held that "[a] court may vacate a judgment under Rule 60(b)(3) [for fraud] only if a party establishes, by clear and convincing evidence, [] that the judgment was obtained through such fraud that "prevented [him] from fully and fairly presenting his case." Boldrini v. Wilson, 609 F. App'x 721, 724 (3d Cir. 2015) (internal citations omitted).

Mr. Boldrini asserts that he is entitled to reconsideration because the Court's most recent Order is based upon Defendants' misrepresentation of the length of time since he last sought to vacate the judgment against him, and upon the Court's purported misapprehension of his argument that he is entitled to relief from the Final Approval Order of the Class Action Settlement of this matter. ECF No. 291 at 3. In support of his contentions, Movant appends a copy of his brief filed with regard to his initial Motion to Be Excluded from Class, as well as a copy of a Rescission Notice executed by him on March 30, 2018, whereby Movant purports to set aside certain mortgage transactions. ECF Nos. 218 at 3, 218-1, 218-2.

The Court has reviewed the Motion for Reconsideration and exhibits thereto, and finds that Movant does not set forth an intervening change in controlling law, the availability of new material evidence that has not previously been submitted that would impact the outcome of the matter, or the need to correct a clear error of law or fact, giving rise to relief from the Court's Order terminating this action with prejudice on February 2, 2017, and approving the settlement of claims set forth therein, ECF No. 205. *See* Lazaridis, 591 F.3d 666. In addition, with regard to his claim that the judgment was the result of fraud, the Court notes that Mr. Boldrini's initial "Emergency Request to Leave to Be Excluded from the Class," ECF No. 208, indicates that his

failure to respond to earlier mailings with regard to the Class Action Settlement of this Matter resulted from his own misapprehension of the import of the mailings "since look like as advertising/junk mail, etc." and so was "throw[n] … in a no rush box to may be review at a later time." ECF No. 208 at 2, ECF No. 208-2. Based upon Mr. Boldrini's prior statements, the entry of judgment against him as a member of the Class Action was not the result of fraud, but Mr. Boldrini's own error in failing to timely review mail in his possession and remit a written request for exclusion from the Class. Accordingly, Mr. Boldrini has not alleged facts sufficient to permit reconsideration of this Court's prior Orders.

The following Order is entered:

AND NOW, this 9th day of May, 2018, upon consideration of the Motion for Reconsideration filed on behalf of Antonello Boldrini, ECF No. 218, it is hereby ORDERED that the Motion is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record Via CM/ECF

Antonello Boldrini
81 Fronthingham Street
Pittston, PA 18640